

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 15, 1947

Hon. Lee Nowlin,
County Attorney,
Hale County,
Plainview, Texas

Opinion No. V-144

Re: Whether or not additional
compensation may be paid
by the county to the Tax
Assessor-Collector for ser-
vices performed by him for
work as County Veterans'
Service Officer.

Dear Sir:

Your request for an opinion upon the above
subject matter is as follows:

"Mr. M. S. Watson is Assessor and
Collector of Taxes for Hale County; he
was such elected and acting officer all
thru the years 1945 and 1946.

"As such officer, he (as well as
the other County Officials) are on an
annual salary basis, as fixed by the
Commissioners' Court of Hale County;
such salary being $3600.00 per year,
payable, of course, in monthly payments.

"On May 14th, 1945, the Commissioners'
Court of Hale County, by proper order made
and entered by the Court, created the "Vet-
erans' Service Office" for Hale County; the
office was not filled by an official appoint-
ment until Feb. 11th, 1946; however;

"From July 1st, 1945, thru and includ-
ing January 1946, a period of some 7 months,
the duties of this office were discharged by
Mr. M. S. WATSON, who attended to the duties
of this office in conjunction with the dut-
ies of his office as Tax Assessor and Col-
lector; and of course, Mr. Watson received
his full compensation as Tax Assessor & Col-
lector.

"Mr. Watson acted and served and did
this extra work as "County Service Officer"
(in addition to his other duties as Tax As-
sessor and Collector) at the request of at
least some members of the Commissioners'
Court; and it may be that some member or
members of the Court indicated that he, Mr.
Watson, would be paid "some compensation"
for this extra and additional work as "Coun-
ty Service Officer".

----Question----

"Is it legal now, for the Commissioners'
Court of Hale County to allow compensation to
Mr. Watson for this extra work as "County Ser-
vice Officer"?"

Your inquiry should be answered in the negative.

It is a familiar rule with respect to compensa-
tion of public officers that they shall receive such sal-
ary, fees, or compensation only as may be prescribed by
law. If an additional duty is imposed upon an officer for
which no fee or compensation is fixed by law, the service
must be performed as an additional burden imposed by law
without extra compensation therefor. This rule has been
uniformly followed by the Courts and by the opinions of
this Department.

What we have said compels the answer we have
given, irrespective of any consideration of the question
of eligibility of the Assessor-Collector to hold at the
same time another county office, that of Veterans' Coun-
ty Service Officer, and in spite of the worthy cause for
which the Assessor-Collector is giving of his extra time.

## SUMMARY

The County Tax Assessor and Collector
of Hale County who likewise performs the
duties of the County Veterans' Service Of-

ficer, may not be paid additional compensation for such duties as Veterans' Service Officer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*
Ocie Speer
Assistant

OS:djm:wb:mmc

APPROVED APR 15, 1947

*Price Daniel*
ATTORNEY GENERAL